IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALONZO S. CURRY**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:08-CV-1675-L** |
| § | |
| **ELLIS COUNTY, TEXAS, and** § | |
| **40TH JUDICIAL DISTRICT COURT**, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant 40th Judicial District Court's Motion to Dismiss under Federal Rule 12(b)(1), filed November 14, 2008; and Defendant Ellis County's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss, filed November 19, 2008. After careful consideration of the motions, briefs, responses, record and applicable law, the court **grants** Defendant 40th Judicial District Court's Motion to Dismiss under Federal Rule 12(b)(1); **denies** Defendant Ellis County's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss; and **orders** Plaintiff Alonzo Curry to replead his claims against Defendant Ellis County.

**I.   Background**

Alonzo Curry ("Plaintiff" or "Curry"), an inmate of the Rudd Unit of the Texas Department of Criminal Justice in Brownfield, Texas, filed this lawsuit pursuant to 42 U.S.C. § 1983, contending that Ellis County, Texas, ("Ellis County") and the 40th Judicial District Court (collectively, "Defendants") falsified governmental documents and thereby violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff contends that "Criminal Background.com," an internet site and non-party to this lawsuit, showed that he was convicted of the felony offense of robbery. Curry contends that he filed a state habeas

**Memorandum Opinion and Order - Page 1**

corpus petition, and a state court of Ellis County declared the conviction invalid on February 22, 2007, in Cause No. 22672CR. He is now incarcerated under a different cause number. Curry contends that the allegedly false information provided by Defendants and reported by "Criminal Background.com" caused him to be deprived of his liberty without due process of law in that he was unnecessarily placed under house arrest and imprisoned. He now seeks compensatory and punitive damages, costs of suit, and prejudgment and postjudgment interest.

## II.     Standard for Rule 12(b)(1) - Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's

**Memorandum Opinion and Order - Page 2**

resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of a plaintiff's complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### III.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**IV.    Discussion**

    **A.    Motion of the 40th Judicial District Court**

The 40th Judicial District Court contends that the court lacks subject matter jurisdiction to hear Plaintiff's claims against it because it is entitled to immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984) (citations omitted). This immunity applies unless it is waived by consent of a state or abrogated by Congress. *Id.* at 99 (citations omitted). Without citing any authority, the 40th Judicial District Court contends that it is an agency of the State of Texas. While the cases cited by this defendant hold that a state and its agencies are entitled to Eleventh Amended immunity, none holds that a district court of the State of Texas is an agency, arm, or instrumentality of the state.

Because of this failure, the court has been forced to research what this defendant should have researched and provided to the court.

The court did not locate any Fifth Circuit authority holding that a court was an agency, arm, or instrumentality of the state; however, it found authority to conclude that a state district court falls squarely within this category. In *Armadillo Bail Bonds v. State of Texas*, the court held:

> A court is an instrumentality of sovereignty, the repository of its judicial power, with authority to adjudge as to the rights of person or property between adversaries. *Mengel Box Co. v. Fowlkes*, 135 Tenn. 202, 186 S.W. 91, 92 (1916). Therefore, in the context of the present case, we must determine if the State of Texas, as sovereign, by its Constitution has placed the judicial power of the State of Texas in its courts. We conclude that the State of Texas has placed judicial power, with authority to adjudge as to the rights of person or property between adversaries, in the judicial branch. We reach this conclusion because the State of Texas, as sovereign, created district courts, and provided for judges of those courts, in article V, sections 1 and 7 of its Constitution and placed its judicial power in all criminal cases of the grade of felony in those district courts. TEX. CONST. art. V, § 8.

772 S.W.2d 193, 195 (Tex. App. — Dallas 1989), *aff'd*, 802 S.W.2d 237 (Tex. Crim. App. 1990). Moreover, other authority holds that state courts are cloaked with Eleventh Amendment immunity because they are agencies, arms or instrumentalities of the state. *Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that suit against a state court was barred by the Eleventh Amendment because the state court was an arm of the State of California); *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994) (holding that the "Eleventh Amendment . . . bars federal suits against state courts."); *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) ("Courts as entities are not vulnerable to § 1983 suits, because they are protected by state immunity under the [E]leventh [A]mendment.") (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). The court concludes that the 40th Judicial District Court is an agency, arm, or instrumentality of the State of Texas. Nothing in the record remotely

**Memorandum Opinion and Order - Page 5**

indicates or suggests that the State of Texas consented to Plaintiff's suit or that Congress has abrogated the Eleventh Amendment immunity of district courts in the State of Texas. As such, the 40th Judicial District Court is entitled to immunity, and Plaintiff's suit against it is jurisdictionally barred pursuant to the Eleventh Amendment.

### B.      Motion of Ellis County

Ellis County moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Ellis County's motion to dismiss for lack of subject matter jurisdiction is without merit, as Plaintiff brings his claims pursuant to federal law in that he sues pursuant to 42 U.S.C. § 1983 for alleged violations of the Fifth and Fourteenth Amendments.[1] The more cogent argument is that made pursuant to 12(b)(6), and the court turns its attention to this argument.

Ellis County contends that Plaintiff's Complaint is defective because it does not adequately plead the basis for liability against Ellis County. The court agrees that Plaintiff's Complaint is deficient as pleaded and does not state a claim upon which relief can be granted.

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id. See also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official policy is defined as:

---

[1] Ellis County argues that any state law claims are barred by sovereign immunity under state law. As Plaintiff has pleaded only federal claims, the court does not address this argument.

**Memorandum Opinion and Order - Page 6**

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [county] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of [county] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [county] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [county] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*) (per curiam); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*) (per curiam), *cert. denied*, 472 U.S. 1016 (1985). A plaintiff must identify the policy, connect the policy to the governmental entity itself and show that his injury was incurred because of the application of that specific policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A plaintiff must establish that the governmental entity through its deliberate conduct "was the moving force behind the injury alleged" and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *Bryan County v. Brown,* 520 U.S. at 404.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. It is not necessary that the pleader set forth each and every element or factual allegation of a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002). The "short and plain statement," however, must contain sufficient facts "that will give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

The court realizes that this is the pleadings stage of this lawsuit, and alleging facts that a plaintiff will prevail is not necessary. At this stage, the court only tests the sufficiency of the pleadings. Plaintiff's Complaint is woefully inadequate. It contains no allegations, even in a

conclusory manner, that a policy or custom of Ellis County caused him constitutional harm. The Complaint does not put Ellis County on notice of the nature of Plaintiff's claims against it or the grounds upon which they rest. At a minimum, Plaintiff must state that he was injured as a result of a policy or custom of Ellis County, identify the policy or custom that caused his alleged injury, and state why he is entitled to relief because of the alleged unconstitutional policy or custom. Plaintiff's claims do not meet the minimum test under Rule 8 and therefore do not state claims upon which relief can be granted.

Because Plaintiff is proceeding *pro se*,[2] and a court should generally allow a litigant to correct deficiencies, the court will allow Plaintiff an opportunity to amend his pleadings to state a claim against Ellis County. If Plaintiff desires to amend, he must do so in accordance with Rule 8 and this opinion. If he fails to replead as ordered, the court may dismiss his claim pursuant to Rule 12(b)(6) or Rule 41(b) of the Federal Rules of Civil Procedure.

## V. Conclusion

For the reasons stated herein, the court **lacks** subject matter jurisdiction to hear Plaintiff's claims against Defendant 40th Judicial District Court, **grants** Defendant 40th Judicial District Court's Motion to Dismiss under Federal Rule 12(b)(1), and **dismisses without prejudice** this action as to Defendant 40th Judicial District Court. The court **denies** Defendant Ellis County's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss, and Plaintiff shall **replead** his claims against Defendant Ellis County in accordance with the court's instructions. Plaintiff shall file his amended pleading no later than **August 10, 2009**. *Failure of Plaintiff to amend by this date and in accordance with*

---

[2] Pleadings of *pro se* plaintiffs are to be liberally construed and not to be held to the same standards as those drafted by attorneys, *Haines v. Kerner*, 404 U.S. 519, 510 (1972); however, Plaintiff is not exempt from the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and the standard set forth in section III of this opinion.

**Memorandum Opinion and Order - Page 8**

*the court's instructions may result in dismissal of his claims against Defendant Ellis County pursuant to Rule 12(b)(6) or Rule 41(b).*

**It is so ordered** this 10th day of July, 2009.

Sam A. Lindsay
United States District Judge