IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALONZO S. CURRY**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-1675-L** |
| | § | |
| **ELLIS COUNTY, TEXAS,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The court *sua sponte* reviews supplemental allegations made by Alonzo Curry ("Plaintiff" or "Curry") to support a claim against Defendant Ellis County, Texas ("Ellis County").  For the reasons herein stated, the court **determines** that Curry's supplemental allegations in response to the court's order fail to state a claim upon which relief can be granted against Ellis County.

## I.    Background

Curry, an inmate of the Rudd Unit of the Texas Department of Criminal Justice in Brownfield, Texas, originally filed this lawsuit on September 23, 2008, pursuant to 42 U.S.C. § 1983, contending that Ellis County and the 40th Judicial District Court falsified governmental documents and thereby violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.   Specifically, Plaintiff contended that "Criminal Background.com," an internet site and non-party to this lawsuit, showed that he was convicted of the felony offense of robbery.  Curry contended that he filed a state habeas corpus petition, and a state court of Ellis County declared the conviction invalid on February 22, 2007, in Cause No. 22672CR.  He is now incarcerated under a different cause number.  Curry contended that the

**Memorandum Opinion and Order - Page 1**

allegedly false information provided by Ellis County and the 40th Judicial District Court and reported by "Criminal Background.com" caused him to be deprived of his liberty without due process of law in that he was unnecessarily placed under house arrest and imprisoned.  He seeks damages for the alleged violations.

On November 14, 2008, Defendant 40th Judicial District Court filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Ellis County filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) on November 19, 2008.  In its Memorandum Opinion and Order of July 10, 2009, the court granted Defendant 40th Judicial District Court's Motion to Dismiss under Federal Rule 12(b)(1), denied Defendant Ellis County's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss, and ordered Curry to replead against Ellis County.

The court allowed Curry to replead because his pleadings were deficient and concluded that he should be given a chance to correct the deficiencies.  The court specifically informed Curry what, at a minimum, he needed to allege to comply with Rule 8 of the Federal Rules of Civil Procedure and to avoid a dismissal pursuant to Rule 12(b)(6).  On July 22, 2009, Curry filed a response to the court's order to replead his claims against Ellis County.  The court treats this document as a supplement to Plaintiff's Original Complaint and **directs** the clerk to designate the document filed on July 22, 2009, as Plaintiff's Supplemental Complaint.[1]  The court therefore considers all allegations and exhibits of Plaintiff's Original Complaint insofar as they pertain to Ellis County, as well as the allegations of the supplemental pleading.

---

[1]The court designates this document as a supplemental complaint because Curry requested that the court remove the 40th Judicial District Court from Plaintiff's Original Complaint and that all matters relating to Ellis County remain as they are in Plaintiff's Original Complaint.

**Memorandum Opinion and Order - Page 2**

**II.**      **Standard for Rule 12(b)(6) - Failure to State a Claim**

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III.    County Liability Under Section 1983

A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right.  *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).   A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability.  *Id*.  *See also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979).  Official policy is defined as:

1.     A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [county] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2.     A persistent, widespread practice of [county] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [county] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [county] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*) (per curiam); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*) (per curiam), *cert. denied*, 472 U.S. 1016 (1985).  A plaintiff must identify the policy, connect the policy to the governmental entity itself, and show that his injury was incurred because of the application of that specific policy.  *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985).  A plaintiff must establish that the governmental entity through its deliberate conduct "was the moving force behind the injury alleged" and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right.  *Bryan County v. Brown,* 520 U.S. at 404.

**IV.     <u>Analysis</u>**

Rule 8(a)(2) requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 only requires "notice" pleading.  It is not necessary that the pleader set forth each and every element or factual allegation of a claim.  *See Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002).  The "short and plain statement," however, must contain sufficient facts "that will give the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests."  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

**Memorandum Opinion and Order - Page 5**

The court begins it analysis by reviewing the operative allegations of Plaintiff's Supplemental Complaint.  Plaintiff alleges in pertinent part as follows:

### Notice of Pleading

1.  Falsifying a record, 18 U.S.C.A. § A 1506, 2071, 2073[;]
2.  Tampering with governmental record, 37.10 A(2)(5)(1)[sic][; and]
3.  Statement of the Claim Showing that Pleader is Entitled to Relief[.]

Ellis County, Texas[,] in a[n] unconstitutional manner falsified Mr. Curry's record of judgment and Ellis County, Texas[,] tampered with a governmental record concerning Mr. Curry.  The said action of Ellis County, Texas involved a deliberate choice following falsifying a record and tampering with governmental records and said cause of action was made among various alternatives by an official who has the final authority to establish governmental policy.

Since the Admission on file by Ellis County Texas[,] "we did conclude that record was entered incorrectly" and the denial of jobs and confinement and other tacitly[sic] behavior the right to be free from record of a fraudulent Ellis County, Texas[,] is clearly established.

The policy consist[s] of a decision and deliberate choice by Ellis County, Texas.  The decision and deliberate choice is[sic] connected to Ellis County, Texas[,] by exhibits in the original complaint of admission on filed dated 2/22/07 by Ellis County, Texas, so by admission it is understood that Ellis County, Texas[,] was the moving force behind the injuries alleged that consist of:

> The decision [of] falsifying a record and tampering with governmental records by Ellis County, Texas[,] was officially adopted and promulgated by Ellis County law[-]making officers or by an official to whom the lawmakers have delegated policymaking authority.

Where entering records of a fraudulent court record document[sic]. The report[ing] of Mr. Curry['s] record in a[n] unconstitutional manner containing the false entry was stored in a criminal justice computer dat[a] base.

> Ellis County knew or should have known the natural consequences
> of its admission on 2/22/07 of action of constitutional rights[']
> violation[s] by entering records.  Ellis County had the authority to
> make decisions regarding felony records to be entered correctly and
> presented to D.P.S. in Austin, Tx[., and] TDCJ-ID, Huntsville[,] Tx.
> The workforce and housing authority said action of Ellis County
> created an atypical and significant hardship for Mr. Curry under the
> 14th and 8th, 5th Amendment[s].

Pl.'s Supp. Compl. 2, 3 (citations and notes omitted).[2]

Plaintiff's Supplemental Complaint misses the mark.  First, Plaintiff cites criminal statutes, 18 U.S.C. §§ 1506, 2071, and 2073; and section 37.10(a)(1), (2), and (5) of the Texas Penal Code. These are federal and state statutes holding individuals who have committed crimes involving public records and documents accountable for their acts.  Curry identifies no individual with policymaking authority who violated a federal or state law and thereby caused him to be deprived of a constitutionally protected right.

Second, despite the court's specific instructions and admonitions, Curry does not allege, other than in a wholly conclusory manner, that he was injured as a result of an unconstitutional policy or custom of Ellis County, fails to identify the policy or custom that caused his alleged injury, and fails to state why he is entitled to relief because of the alleged unconstitutional policy or custom. Curry has done no more than parrot the buzz words and language from the standard the court set forth in its earlier opinion.  He alleges no facts to support his conclusion and subjective belief that he was injured as a result of a policy or custom of Ellis County, makes no allegation that the Commissioners Court of Ellis County, or an official to whom it delegated policymaking authority, has taken official action that  allows it or its employees to make false entries in public documents

---

[2]Plaintiff added a claim under the Eight Amendment to the United States Constitution for cruel and unusual punishment in his supplemental pleading.

or create false public documents regarding persons who have been convicted of a crime. Moreover, Curry has set forth no allegations that any longstanding practice, of which policymakers were aware, existed in Ellis County that allowed employees to make false entries in public documents or create false documents regarding a person's criminal convictions. Plaintiff makes unsupported legal conclusions, which are entitled to no assumption of truth. Further, Curry makes no allegations whatsoever that support any claim that he was injured as a result of an Ellis County policy or custom authorizing or allowing Ellis County employees to inflict cruel and unusual punishment against persons convicted of crimes. Even a liberal application of Rule 8 and existing precedent would require this court to guess, speculate, make unreasonable inferences, and fill in the blanks as to what Curry *might* be pleading against Ellis County. As such, his pleadings against Ellis County are wholly inadequate to state a claim.

At most, Curry alleges a negligent act by some unidentified employee of Ellis County regarding a public record. Negligent conduct of an individual, however, cannot serve as the basis for a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (holding that the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property") (emphasis in original).

Plaintiff's allegations against Ellis County do not contain sufficient facts that provide Ellis County with fair notice of what his claim is and the ground upon which it rests. His allegations against Ellis County are deficient and therefore fail to state a claim upon which relief can be granted. Ellis County is entitled to dismissal of Plaintiff's claims.

**Memorandum Opinion and Order - Page 8**

## V.   **Defendant Ellis County's Second 12(b)(6) Motion to Dismiss**

On July 30, 2009, Ellis County filed a second motion to dismiss for Plaintiff's failure to state a claim upon which relief can be granted.  At the time Ellis County filed its second motion, the court had, *sua sponte*, begun its review of the sufficiency of Plaintiff's supplemental pleading.  In light of the court's *sua sponte* decision, Ellis County's second motion to dismiss is moot and will be denied as such.

## VI.   **Amendment of Pleadings**

Although Plaintiff is proceeding *pro se,* the court believes additional attempts at stating a claim against Ellis County are futile, which is a basis for a court to deny further amendment of pleadings.  *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  The court provided specific instructions to Plaintiff with respect to what he needed to do to state a claim against Ellis County.  Despite these instructions, he was unable to do so.  If a party has had a fair opportunity to plead his case and fails to do so, the court should dismiss the lawsuit.  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  The court thus concludes that Plaintiff has pleaded his best case against Ellis County and that further attempts to state a claim are futile.  Accordingly, the court will not permit further amendment of pleadings.

## VII.   **Conclusion**

For the reasons herein stated, Plaintiff's supplemental pleading has failed to state a claim upon which relief can be granted against Ellis County.  Accordingly, the court **dismisses with prejudice** this action pursuant to Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure.  The court **denies as moot** Defendant Ellis County's Second 12(b)(6) Motion to Dismiss.  Judgment will issue by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 31st day of July, 2009.

Sam A. Lindsay
United States District Judge